O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GAVIN FLUKER, SR.,<br><br>               Petitioner,<br>    vs.<br><br>AREF FAKHOURY, Warden,<br><br>               Respondent. | Case No.  CV 11-207-DOC (DTB)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR RECONSIDERATION |

On February 15, 2011, this Court issued an Order Summarily Dismissing Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction ("Order"). On March 3, 2011, petitioner filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Motion") for reconsideration of the Order entered herein on February 15, 2011, summarily dismissing the Petition as a second and successive petition.

Petitioner's Motion purports to be directed to the Court's conclusion in its Order that it appeared from the face of the Petition that it was directed to the same 2006 Los Angeles County Superior Court conviction as petitioner's prior habeas petition filed by petitioner in this Court on February 12, 2009, in CV09-1052-DOC (AGR).  On April 21, 2010, Judgment was entered in CV09-1052-DOC (AGR) denying the petition and dismissing the action with prejudice.  Petitioner appealed

1

from that Judgment to the Ninth Circuit Court of Appeals.

Based upon the Court's belief that the instant Petition constituted a second or successive habeas petition, the Court ordered it dismissed. The Court ordered the dismissal pursuant to the following provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996, Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part:

"(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Petitioner alleges in his Motion that the underlying Petition did not constitute a second or successive habeas petition, as it does not challenge the validity of his 2006 Los Angeles County Superior Court conviction. Indeed, petitioner argues, the instant petition does not challenge the validity of any underlying conviction or the basis for petitioner's confinement, but, instead, seeks the return of certain currency which was seized by officers of the Long Beach Police Department when defendant was arrested on or about January 26, 2006. (Pet. at 5.)

The Court has considered petitioner's Motion and concurs with plaintiff's argument on this point only. The instant Petition does not, technically, challenge the validity of petitioner's underlying 2006 conviction in Los Angeles Superior Court. Rather, petitioner appears to be seeking the return of Untied States currency in the amount of $2,409, which was apparently seized at the time petitioner was arrested on the commitment offense (Pet. at 7, Pet. Exh. "A" at 2). Thus, the instant Petition would appear not to constitute a second and/or successive petition challenging the same conviction as petitioner's prior habeas petition in CV09-1052-DOC (AGR). Therefore, the Motion is GRANTED in part, and the Order is hereby VACATED, to the extent it was based upon the conclusion that the instant petition was successive.

However, as set forth below, the Petition must still be dismissed.

As the Court noted in the Order, it appeared that the Petition did not challenge the legality or duration of petitioner's current sentence, but, rather, that petitioner was claiming that his property was seized during a search of his person and property, and that it was not subsequently returned to him after the denial of a motion for return of personal property petitioner filed. (Petition at 7; Order at 3.)

As also noted in the Order, a claim of this nature may not properly be asserted in a habeas petition, or as part of a habeas petition. See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez, 411 U.S. 4475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Rather, such a claim must be asserted in a separate civil rights action. The Court further noted that it does have discretion to construe petitioner's habeas petition

3

as a civil rights complaint brought pursuant to 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971); Hansen v. May, 502 F.2d 728, 729 (9th Cir. 1974). However, in this instance, the Court recommended - and still recommends - that such discretion not be exercised, for the reasons set forth below.

As presently framed, petitioner has not alleged a specific constitutional basis for a civil rights claim in the Petition, nor has he specifically named in the Petition the individual(s) responsible for allegedly violating his civil rights. Since petitioner has failed to allege the specific legal basis for any civil rights claim which might arise out of the facts set forth in the Petition, and also failed to identify any defendant(s) liable in such a civil rights action, the Court will not speculate as to either. Thus, the Petition for Habeas Corpus must be dismissed, and petitioner may properly attempt to assert this claim in the context of a civil rights action.

Accordingly, the Court ORDERS that the action again be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Clerk is directed to provide petitioner with a copy of the Central District Civil Rights form.

Dated: July 28, 2011

David O. Carter
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge

4

_____

FULL NAME

_____

COMMITTED NAME (if different)

_____

FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| PLAINTIFF, | _____<br>*To be supplied by the Clerk* |
| v. | **CIVIL RIGHTS COMPLAINT**<br>**PURSUANT TO** *(Check one)* |
| DEFENDANT(S). | ☐ 42 U.S.C. § 1983<br>☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☐ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
   Plaintiff _____

   _____

   Defendants _____

   _____

b. Court _____

   _____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it

   appealed?  Is it still pending?) _____

f. Issues raised: _____

   _____

   _____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint
   occurred?  ☐ Yes    ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
(print plaintiff's name)

who presently resides at _____ ,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
                       (Claim I)            (Claim II)          (Claim III)

**NOTE**:   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _____ resides or works at
       (full name of first defendant)

       _____
       (full address of first defendant)

       _____
       (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

2.   Defendant _____ resides or works at
       (full name of first defendant)

       _____
       (full address of first defendant)

       _____
       (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

3.   Defendant _____ resides or works at
       (full name of first defendant)

       _____
       (full address of first defendant)

       _____
       (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

4. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____


5. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline._

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____        _____
      *(Date)*                              *(Signature of Plaintiff)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## INSTRUCTIONS FOR FILING A CIVIL RIGHTS COMPLAINT BY A PRISONER - GENERAL INSTRUCTIONS

This package includes the following documents:

        4 copies - complaint form
        4 copies - declaration to proceed without prepayment of filing fees

In order for your complaint to be filed, you must submit the original and two copies of **both** the complaint and declaration to the Clerk. The remaining copy of each is for you to keep for your records. Your complaint must be typewritten or legibly handwritten in ink. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you must use the reverse side of the form or an additional blank page. You must file a separate complaint for each claim unless they are all related to the same incident or issue. You are required to allege facts; not legal arguments or authorities.

## FILING FEES

### Payment of filing fee required

In accordance with 1996 amendments to the in forma pauperis statute, 28 U.S.C. § 1915, as a prisoner you will be obligated to pay the full filing fee of $350 for a civil action regardless of your forma pauperis status and the disposition of the case. If you have the money to pay the filing fee, you should submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major America bank or the United States Postal Service, payable to the *Clerk of Court* and mail it with your complaint to the address listed on the reverse side of these instructions. The Clerk's Office will also accept credit cards (Mastercard/Visa, Discover, American Express) for filing fees and miscellaneous fees. Credit card payments may be made at all payment windows where receipts are issued.

### Request to pay filing fee in monthly installments

If you do not have the money to pay the full filing fee, you must complete the Request to Proceed Without Prepayment of Filing Fees with Declaration in Support. The Declaration must be returned to the Court with your complaint. **NOTE: You must have a prison or jail official complete the Certification Section on the Declaration and attach to the Declaration a certified copy of your prison or jail trust account statement for the six months immediately preceding the filing of the complaint. If you submit an incomplete Declaration or do not submit a prison or jail trust account statement with the Declaration, your request to proceed without prepayment of the filing fees may be denied.**

### Initial partial filing fee assessment

If your request to proceed without prepayment of filing fees is granted, the Court will assess an initial partial filing fee at the time your action is filed. The initial partial filing fee will be equal to 20% of the average monthly deposits to your prison or jail account for the six months immediately preceding the filing of the action, or 20% of the average monthly balance in your prison or jail account for that same six month period, whichever is greater. The Court will order the agency that has custody of you to take that initial partial filing fee out of your prison or jail account as soon as funds are available and forward the money to the Clerk of Court.

### Collection of balance of filing fee

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the amount of the filing fee is paid in full, each month you will owe 20% of your preceding month's income toward the balance. The agency that has custody of you will collect that money and send payments to the Clerk of Court any time the amount in your account exceeds $10.00.

# DISMISSAL OF THE COMPLAINT

Regardless of whether some or all of the filing fee has been paid, the Court is required to screen your complaint and to dismiss the complaint if: 1) your allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) your complaint does not state a claim on which relief can be granted; or 4) you sue a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals while you are a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from bringing any other actions in forma pauperis unless you are in imminent danger of serious physical injury. **NOTE: You are required under penalties of perjury to provide accurate information regarding previous filings. Failure to provide this information may result in the immediate dismissal of your complaint.**

# JURISDICTION

To determine whether jurisdiction and venue are proper in this Court:

- **AGAINST FEDERAL DEFENDANTS**, please refer to 28 U.S.C. § 1391(e) and  Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 397 (1971);

- **AGAINST NON-FEDERAL DEFENDANTS**, please refer to 28 U.S.C. § 1391(b) for claims brought pursuant to 42 U.S.C. § 1983.

# SERVICE OF THE COMPLAINT

If your request to proceed without prepayment of the filing fees is approved, the Court will determine whether the United States Marshal should serve the defendant(s) on your behalf.

# INQUIRIES AND COPYING REQUESTS

Because of the large volume of cases filed by prisoners in this Court and limited court resources, the Court and Clerk's Office will not answer inquires concerning the status of your case or provide copies of documents, except at a charge of fifty cents ($0.50) per page.  You must therefore keep copies of all documents submitted to the court for your own records.

# TO MAIL THE COMPLAINT

Mail the original and the two copies of the following completed documents to the address below: complaint and declaration to proceed without prepayment of filing fees (if applicable):

United States District Court
Central District of California
312 North Spring Street, Room G-8
Los Angeles, California  90012

ATTENTION: PRO SE CLERK

Telephone:  (213) 894-7984